IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERE'LYNN D. BYNUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3023-N-BN |
| | § | |
| FEDERAL EXPRESS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for

pretrial management under 8 U.S.C. § 636(b) and a standing order of reference from

Senior United States District Judge David Godbey. *See* Dkt. No. 3.

Plaintiff Tere'Lynn Bynum filed a second amended *pro se* petition in state court

on October 27, 2025, alleging negligence, conversion, and fraud claims against

Defendant Federal Express Corporation ("FedEx"). *See* Dkt. No. 1-2 at 31-36.

FedEx removed the action to federal court on November 5, 2025, *see* Dkt. No.

1, and filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6) on November 6, 2025, *see* Dkt. No. 6.

Bynum responded through a Combined Opposition and Motion for Remand

with Sanctions, Default Enforcement, and Rebuttal to Defendant's Dismissal

Authorities. *See* Dkt. No. 16.

She filed several other responses to the motion to dismiss without leave, *see*

Dkt. Nos. 19, 21, 22, 28, & 32, which the undersigned said it would disregard, *see* Dkt.

No. 33.

Bynum then filed an amended Motion to Remand, for Sanctions, for District Attorney Referral, and for Immediate Payment Order. *See* Dkt. No. 25.

The pending motions are now fully briefed. *See* Dkt. Nos. 16, 20, 30, & 34-37.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Bynum's motions [Dkt. No. 16 & 25], grant FedEx's Motion to Dismiss [Dkt. No. 6], and dismiss this lawsuit without prejudice.

## Legal Standards

### I.    <u>Motion to Remand</u>

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

Because FedEx chose to remove this lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

And the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Subject-matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the amount in controversy

exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332).

The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.   <u>Motion to Dismiss</u>

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech*

*Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at \*3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and

naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

That said, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this

rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

## Analysis

### I.   <u>The Court should deny Bynum's motions because FedEx properly removed this lawsuit on the basis of diversity jurisdiction.</u>

Bynum has filed two motions for remand and sanctions, both of which are predominantly based on improper removal. *See* Dkt. Nos. 16 & 25.

Bynum contends that she "asserts only state-law claims, and no federal question exists under 28 U.S.C. § 1331." Dkt. No. 25 at 2. The undersigned agrees. Bynum's second amended petition pleads no federal causes of action or facts that give rise to a federal question. *See* Dkt. No. 1-2 at 31-36. It pleads only claims for negligence (along with negligent hiring, training, and supervision), fraud, and conversion. *See id.*

Bynum further argues that "FedEx has not met its burden to establish diversity jurisdiction or amount in controversy under 28 U.S.C. § 1332." Dkt. No. 25 at 2. And, so, Bynum contends, "[r]emoval was improper under 28 U.S.C. § 1441, and

remand is required under 28 U.S.C. § 1447." *Id.*

The undersigned disagrees.

In its notice of removal, FedEx alleges that Bynum "is a citizen of Texas who is domiciled and resides in Dallas County, Texas." Dkt. No. 1 at 2. And it alleges that "FedEx is a Delaware corporation with its principal place of business in Tennessee." *Id.*

With these allegations, the undersigned finds that FedEx has sufficiently pleaded that Bynum is a citizen of Texas and FedEx is a citizen of Delaware and Tennessee and, so, has met its burden at the pleading stage to show that complete diversity exists. *See SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home."); 28 U.S.C. § 1332(c)(1) (For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) ("At the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party.).

And FedEx points to Bynum's second amended petition, in which she "seeks damages of 1,040,000.00." Dkt. No. 1 at 2 (citing Dkt. No. 1-2 at 34). And, so, FedEx has established that the amount in controversy exceeded $75,000 when the case was removed.

Because FedEx adequately pleaded that complete diversity jurisdiction exists under 28 U.S.C. § 1332, its removal was proper. And, so, Bynum's motions for remand and sanctions [Dkt. No. 16 & 25], to the extent they are predicated on FedEx's allegedly improper removal, are without merit.

As to Bynum's other purported grounds for sanctions, the undersigned declines to recommend sanctions against FedEx for producing "contradictory evidence." Dkt. No. 25 at 4. A motion for sanctions is not the appropriate vehicle for challenging the sufficiency of evidence. And the record does not reflect any abuse of process, violation of rules or orders, or falsification of evidence by FedEx.

Nor is the undersigned persuaded that FedEx has "misstated governing law," as Bynum provides no examples of legal misrepresentations by FedEx. *Id.* And Bynum has not pointed to any acts or omissions by FedEx that warrant a referral for criminal proceedings. *See id.*

And, so, the Court should deny Bynum's motions [Dkt. No. 16 & 25].

## II.    The Court should grant FedEx's motion to dismiss because Bynum's claims are preempted by federal law.

FedEx moves to dismiss Bynum's claims on the basis that her allegations are conclusory and that each of her claims is "preempted by the Airline Deregulation Act of 1978," as amended, 49 U.S.C. § 41713 (the "ADA"). Dkt. No. 6 at 2.

There are three general categories of preemption: (1) express preemption, where "Congress define[s] explicitly the extent to which its enactments preempt state law"; (2) field preemption, where Congress's regulatory scheme is "so pervasive as to make reasonable the inference that Congress left no room for the States to

supplement it" or where an Act of Congress "touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject"; and (3) conflict preemption, where state and federal law directly conflict, making it "impossible for a private party to comply with both state and federal requirements" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990) (citations omitted).

To show express preemption, Congress must "explicitly state its intent to preempt relevant state laws." *United States v. Zadeh*, 820 F.3d 756, 751 (5th Cir. 2016).

The ADA is an example of a federal statute that explicitly provides for preempting state law. The ADA provides that,

> "[e]xcept as provided in this subsection, a State … may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

49 U.S.C. § 41713(b)(1).

"The Supreme Court reads broadly the 'related to' language of this section and, in turn, the preemptive effect of the ADA." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 561 (N.D. Tex. 2005) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of [relating to] is a broad one … and the words thus express a broad pre-emptive purpose.")).

Here, Bynum's claims arise entirely out of a "king-size velvet platform bed" that she ordered in March 2025 and was "shipped via FedEx Ground" but "was never

delivered" to her. Dkt. No. 1-2 at 31-32. Neither Bynum's second amended petition nor her prior pleadings, which she incorporated by reference, include factual allegations about any series of events other than the loss of her package. *See* Dkt. No. 1-2 at 2-13, 23-27, 31-35.

And "it is undisputed that [FedEx] is an air carrier for purposes of the ADA" and this lawsuit, irrespective of how Bynum's package was transported. *N. Cypress Med. Ctr. Operating Co. Ltd. v. Fedex Corp.*, 892 F. Supp. 2d 861, 866-67 ("Although aimed at the airline industry, the ADA and the preemption provision also apply to all carriers that are affiliated with a direct air carrier … whether or not such property has had or will have a prior or subsequent air movement. … [Here], although there is no contention that the boxes were ever carried by air, the ADA is still applicable because the property was transported by a company certified as an air carrier." (cleaned up)).

"Generally, all state tort actions against an air carrier for lost or damaged goods are preempted by the ADA." *N. Cypress*, 892 F. Supp. 2d at 867 (cleaned up; citing *Gemnet Exp. Inc. v. Fed Express Corp.*, No. 06 Civ. 2648(DF), 2009 WL 928299, at *4 (S.D.N.Y. Mar. 30, 2009) ("[S]tate court claims, including those sounding in negligence or fraud, are preempted by federal law, when such claims are based on lost or damaged cargo.")); *cf. Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-33 (1995) (holding that breach of contract claims are not preempted by the ADA).

And, so, the undersigned finds that Bynum's claims of negligence, negligent hiring, negligent training, negligent supervision, conversion, and fraud – all of which

arise out of her missing package – are preempted by the ADA. *See Cathedral of Hope v. FedEx Corporate Servs., Inc.*, No. 3:07-cv-1555-D, 2008 WL 2242546, at *1, *4 (N.D. Tex. May 30, 2008) (holding that negligence and gross negligence claims against FedEx relating to a "mis-delivered package" were preempted by the ADA and dismissing those claims with prejudice).

The undersigned also finds that Bynum's claims under the Texas Deceptive Trade Practices Act (the "DTPA") are preempted by the ADA. *See Trujillo v. Am. Airlines, Inc.*, 938 F. Supp. 392, 393 (N.D. Tex. 1995) (holding that DTPA claims against air carrier "for the loss of a commercial package" were preempted by the ADA and dismissing those claims with prejudice).

Because her claims are preempted by federal law, and because Bynum has amended her petition twice already, any further leave to amend would be futile.

And, so, the Court should dismiss Bynum's claims with prejudice.

### Recommendation

For the reasons explained above, the Court should deny Plaintiff Tere'Lynn Bynum's first Motion for Remand with Sanctions [Dkt. No. 16] and Amended Motion to Remand, for Sanctions, for District Attorney Referral, and for Immediate Payment Order [Dkt. No. 25]; grant Defendant Federal Express Corporation's Motion to Dismiss [Dkt. No. 6]; and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE